REQUESTED BY: Dear Senator Pirsch:
You have forwarded to us a copy of Legislative Bill 421 which deals generally with an amendment to section 32-210.01, and changes the compensation paid to certain election officials from an exact amount to an amount based upon the federal minimum wage.
You indicate in your letter of referral that you have some concern as to whether or not such would be constitutional. We share this concern with you and are of the opinion that such an attempt to base a wage of an election official upon a future act of the United States Congress is most likely unconstitutional.
The Nebraska Supreme Court has held that a state statute containing, as a condition precedent, future acts of the United States Congress is an unconstitutional delegation of legislative authority. Smithberger, et al, v. Banning,129 Neb. 651, 262 N.W. 492 (1935).
The Nebraska Supreme Court in 1967 in the case ofAnderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322, had occasion to review an act of the legislature passed in 1967, known generally as the Nebraska Revenue Act of 1967, which made future laws of the United States relating to the federal income tax automatically applicable to the Nebraska income tax. In Anderson, supra, the Supreme Court set forth the principles outlined above from Smithberger, supra, and suggested that such was the state of the law in this jurisdiction and was controlling absent specific constitutional authorization.
Prior to the enactment of the Nebraska Revenue Act, the Nebraska voters in 1966 had adopted an amendment to ArticleVIII of the Nebraska Constitution which provided: `When an income tax is adopted by the Legislature, the Legislature may adopt an income tax based upon the laws of the United States.' The question in Anderson, supra, was whether or not this constitutional language included future acts of the United States Congress as well as those already in existence. The Supreme Court held that the intent of the Legislature was to include future acts of Congress and that, therefore, provision for such being found specifically within our Constitution such a contingency as that contained within the Nebraska Revenue Act was constitutional.
In the matter about which you inquire, we find no specific constitutional authority for such a delegation and conclude that such would be unconstitutional. In 1975, we had occasion to consider a similar question concerning a legislative act which would have been contingent upon changes in the federal consumer price index. There we were of the opinion that such would be an impermissible delegation of the legislative authority. See opinion no. 71, dated April 23, 1975, found in the Reports of the Attorney General for 1975-76 on page 82. A copy of this opinion is included for your reference and use.
Therefore, in conclusion we believe that it would be constitutionally improper for the Legislature to base the wages paid these election officials upon the federal minimum wage given the fact that Congress is free to adjust this either upward or downward from its present level and therefore, by enacting such a statute, the Legislature, in effect, is delegating to the United States Congress the authority to set the wages of these officials. It is this kind of delegation in which we believe the Nebraska Legislature may not constitutionally engage.
If we can be of further assistance to you on this matter, please let us know.